907 F.2d 158
 12 ITRD 1624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PHILIP MORRIS U.S.A., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1712.
 United States Court of Appeals, Federal Circuit.
 June 13, 1990.
 
 1
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and JOHN C. LIFLAND, District Judge*
 
 
 2
 JOHN C. LIFLAND, District Judge.
 
 DECISION
 
 3
 Philip Morris U.S.A. ("Philip Morris") appeals from the judgment of the Court of International Trade ("CIT") dismissing its complaint for lack of jurisdiction. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
 
 I.
 
 4
 The CIT has jurisdiction to review the Customs Service's denial of a protest only if the protest was filed in accordance with the requirements of Section 514 of the Tariff Act. One of those requirements is that a protest must be filed "within ninety days after but not before ... notice of liquidation or reliquidation." 19 U.S.C. Sec. 1514(c)(2).
 
 
 5
 The facts of this matter are unique. The Customs Service issued a Notice of Action indicating a change of classification of five entries of tobacco from "scrap" under Item 170.60 to "stemmed leaf" under Item 170.35. After notice of the proposed change Customs nevertheless liquidated the entries as scrap. Philip Morris filed a protest challenging the proposed reclassification as stemmed leaf. Philip Morris did not challenge the actual liquidation as scrap. Customs discovered its mistake, perhaps as a result of Philip Morris' protest, and reliquidated the entries as stemmed leaf. No protest was filed subsequent to this actual reliquidation of the tobacco as stemmed leaf. Customs thereafter denied Philip Morris' protest.
 
 
 6
 We reject Philip Morris' contention that the statutory scheme does not contemplate the filing of duplicative protests. An importer who protests a liquidation, but not a reliquidation, jeopardizes its right to review in the CIT.
 
 
 7
 We also reject Philip Morris' contention that the filing of a protest against the liquidation effectively suspends the finality of the liquidation and any subsequent reliquidation until Customs decides the protest. This argument is in contravention of the general principle that a reliquidation is the final protestable action by Customs. See United States v. Parkhurst & Co., 12 Ct.Cust.Appls. 370 (1924).
 
 
 8
 While the statutory scheme would not have barred Philip Morris from filing a protest after the reliquidation, under the unique facts of this case, no administrative or judicial policy is promoted by requiring a second protest. In the usual case, reprotest is necessary to apprise Customs that reliquidation has not rendered moot a prior protest. Here, however, Philip Morris protested (albeit under erroneous assumptions) the very classification which Customs finally approved upon reliquidation. Reprotest is also generally necessary to insure that the CIT will review Customs' final views on the matter. But under the unusual facts here, Customs' decision on Philip Morris' protest did state Customs' final views on reliquidation. Requiring Philip Morris to reprotest would add nothing.
 
 
 9
 Our ruling is not intended to vitiate the requirement that an importer must protest a reliquidation in order to seek judicial review in the CIT. We affirm that statutory requirement today. We simply hold that under the unique facts of this case, including Customs' actual resolution of Philip Morris' protest, it would not further the statutory scheme to require Philip Morris to file an essentially identical protest.
 
 II.
 
 10
 Philip Morris also argues that reliquidation of the fifth entry is void because Customs reliquidated the entry after the 90 day time period prescribed in 19 U.S.C. Sec. 1501. The CIT held that as Philip Morris failed to file a protest against this untimely reliquidation, the CIT was without jurisdiction to review the issue of untimeliness. We agree.
 
 
 11
 This court recognizes that an unlawful reliquidation is not void, but is merely voidable. See Omni U.S.A., Inc. v. United States, 840 F.2d 912, 915 (Fed.Cir.), cert. denied, 109 S.Ct. 56 (1988). The untimeliness of a reliquidation by Customs must be attacked by a timely protest filed in accordance with 19 U.S.C. Sec. 1514. Philip Morris failed to protest untimeliness to Customs. Accordingly, the CIT did not have jurisdiction to review this claim.
 
 III.
 
 12
 We reverse the CIT's holding that it lacked jurisdiction to review Philip Morris' challenge to the classification of the five entries as stemmed leaf and we remand the case for further proceedings. We affirm the CIT's holding that it lacked jurisdiction to review Philip Morris' challenge to the reliquidation of the fifth entry, insofar as it is based on untimeliness.
 
 IV.
 
 13
 No costs.
 
 
 
 *
 Judge John C. Lifland of the United States District Court for the District of New Jersey, sitting by designation